IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

RICHARD PATT,

    Plaintiff,

vs.

VOLKSWAGEN GROUP OF AMERICA,
INC., d/b/a Audi of America, Inc., a
Foreign corporation,

    Defendant.
_____/

CASE NO.: 1:22-cv-21585-BLOOM/Otazo-Reyes

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
VOLKSWAGEN GROUP OF AMERICA, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

    Plaintiff, Dr. Richard Patt, by and through undersigned counsel, files this Response to Volkswagen Group of America, Inc.'s ("Volkswagen") Motion to Dismiss Plaintiff's Complaint, and states as follows:

**INTRODUCTION AND SUMMARY**

    This is a products liability case in which the Plaintiff, Dr. Richard Patt, alleges injuries arising from the wrongful activation of his Audi Q8's pre sense® rear technology. As outlined in Dr. Patt's Complaint, Audi's pre sense® technology wrongfully activated while he was stopped at an intersection and in the driver's seat, causing the safety harness to suddenly tighten and resulting in serious injuries to his chest and lungs.

    Volkswagen's Motion asserts two purported grounds for dismissal, both of which lack merit. First, Volkswagen argues that Dr. Patt's Complaint "improperly commingles theories of design defect and failure to warn with theories of so-called manufacturing defect." Mot. at 2. The apparent premise of this argument is that Florida law somehow forbids a plaintiff from alleging

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 Miami 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346   www.podhurst.com

both a manufacturing defect and a design defect. But the opposite is true: the law is clear that "it is possible that both [manufacturing and design] defects can occur in the same product." *Rhodes v. Novartis Pharms. Corp.,* 2011 WL 5358554, at *3 (M.D. Fla. Nov. 1, 2011). Accordingly, the purported "commingling" is not a valid grounds for dismissal.

Second, Volkswagen argues that Dr. Patt's allegations of manufacturing defect are not sufficiently specific. For example, Volkswagen protests that Dr. Patt has not made a "*factual* showing" regarding the Audi Q8's design specifications, and has failed "to specifically plead what he actually believes is defective with the manufacturing of his Audi Q8." Mot. at 5. But this argument misrepresents both the applicable law and Dr. Patt's allegations. The law is clear that a products liability plaintiff is *not* required to plead his claims with particularity or allege the granular technical details of the alleged defect. And, of course, a plaintiff is not required to make a factual "showing" of anything at the pleading stage. Moreover, contrary to Volkswagen's contentions, Dr. Patt's Complaint is in fact more specific than the law requires: it not only puts Volkswagen on notice of the nature of Dr. Patt's claims and the allegedly defective product, but it also alleges that the likely locus of the defect was Audi's pre sense® technology. Accordingly, Dr. Patt's allegations are more than sufficient to survive a motion to dismiss.

Finally, even if Volkswagen's arguments had merit—and they do not—Plaintiff respectfully requests an opportunity to amend his Complaint and rectify the purported pleading deficiencies.

## **BACKGROUND**

For brevity, this Response brief will summarize below only the essential allegations in the Complaint, as well as the essential procedural history of this case.

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 Miami 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346    www.podhurst.com

1. This action arises from an accident on March 28, 2021. *See* Compl. ¶ 10. On that date, the Plaintiff, Dr. Patt, was driving a 2021 Audi Q8 SUV in Miami, Florida. *See id.*

2. While Dr. Patt was waiting at a stoplight, two bicyclists passed by the SUV, one on each side, causing the front safety harness to suddenly tighten and pull Dr. Patt back rapidly, crushing his chest. As a result, Dr. Patt sustained serious injuries, including a collapsed lung, and has had to endure several surgeries and hospitalizations. *See id.* ¶¶ 11-12. In this action, Dr. Patt seeks compensation for those injuries.

3. Dr. Patt's Audi was equipped with a driver assistance technology called Audi pre sense®. Upon information and belief, the technology's radar sensors were wrongly triggered by the two passing cyclists, causing the sudden tightening of the safety harness and likewise causing Dr. Patt's injuries. *See id.* ¶¶ 13-15.

4. Dr. Patt originally filed this action in state court in Miami-Dade County, and Defendant Volkswagen removed it to this Court. *See* D.E. 1.

5. Defendant Volkswagen has now moved to dismiss Dr. Patt's claims pursuant to Fed. R. Civ. P. 12(b)(6).

**LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted)). However, "detailed factual allegations" are not required of a complaint attacked by a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 555.

Importantly, in products liability cases, "[c]ourts in the Eleventh Circuit regularly allow plaintiffs to plead multiple theories [of liability]"—such as manufacturing defect and design

3

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131  Miami 305.358.2800  Fax 305.358.2382  • Ft. Lauderdale 954.463.4346    www.podhurst.com

defect—provided that the plaintiff "adequately allege the defect." *Kilmer v. Howmedica Osteonics Corp.*, 2015 WL 5915950, at *4 (M.D. Fla. Oct. 8, 2015). Moreover, "the pleading standard for [a manufacturing defect claim] is governed by the notice pleading requirement of Rule 8 as opposed to the heightened pleading requirement of Rule 9." *Rhodes*, 2011 WL 5358554, at *2. Accordingly, at the pleading stage, products liability plaintiffs are not required "to plead design defect versus manufacturing defect[.]" Rather, a "[p]laintiff's allegation of a defect alone is sufficient[.]" *Krywokulski v. Ethicon, Inc.*, 2010 WL 326166 at *3 (M.D. Fla. Jan. 21, 2010).

## ARGUMENT

### I. Volkswagen's Motion misstates the applicable law.

As a threshold matter, it bears noting that Volkswagen's Motion misstates the applicable legal standards. For example, Volkswagen suggests that in order to survive a motion to dismiss, a plaintiff must (1) specifically plead either a manufacturing defect or design defect and (2) somehow make a "*factual* showing" regarding "the precise design specifications" of the product at issue and "how [the product that injured the plaintiff] deviated from its intended design[.]" Mot. at 5.

These requirements are found nowhere in the Florida caselaw or in the countless federal cases adjudicating Florida-law products liability claims. Of course, at the pleading stage, a plaintiff is not required to make a "factual showing" of anything. Moreover, in products liability cases, the law is clear that plaintiffs are *not* required to commit at the pleading stage to either a manufacturing defect claim or a design defect claim. That is in part because courts recognize that "it would be difficult at such an early stage in the litigation for plaintiff to know whether a defect was due to a product's design or manufacture." *Bailey v. Janssen Pharmaceutica, Inc.,* 288 F. App'x 597, 605 (11th Cir. 2008). Moreover, Florida law does not apply a "rigid distinction among the various

4

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 Miami 305.358.2800  Fax  305.358.2382  •  Ft. Lauderdale 954.463.4346                                    www.podhurst.com

theories of recovery available to plaintiffs under strict products liability[.]" Therefore, plaintiffs are not required to "expressly plead 'design defect' versus 'manufacturing defect' at the complaint stage." *Id.*

Volkswagen is also wrong in asserting that a plaintiff alleging a manufacturing defect must allege with particularity the "the precise design specifications" of the product at issue. *See Bailey*, 288 F. App'x at 605 ("The very nature of a products liability action—where the cause or source of the defect is not obvious to the consumer—would make it difficult for an appellant to pinpoint a specific source of defect against one entity along the chain of distribution prior to discovery."). Rather, a plaintiff alleging a manufacturing defect is required only to allege that (1) the manufacturer made the product in question, (2) the product has a defect that renders it unreasonably dangerous, and (3) that the unreasonably dangerous condition is the proximate cause of the plaintiff's injury. *See Jennings v. BIC Corp.,* 181 F.3d 1250, 1255 (11th Cir. 1999).

The pleading standards suggested by Volkswagen would unduly prejudice almost all products liability claims by forcing plaintiffs—prior to any discovery—to commit to a single highly specific theory of liability and to somehow allege design specifications of the subject product that are almost never known to the tort victim. More importantly, the pleading standards suggested by Volkswagen are simply unsupported by law. And as outlined further below, applying the correct pleading standards, Dr. Patt's Complaint should clearly survive Volkswagen's Motion to Dismiss.

**II.   Volkswagen's argument that the Complaint should be dismissed on "commingling" grounds is directly contrary to precedent.**

Volkswagen's first argument for dismissal is that Dr. Patt's Complaint "commingles" allegations of design defect and manufacturing defect. The problem with this argument is simple: it is directly contrary to law. In *Bailey*, the Eleventh Circuit expressly rejected an argument

5

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 Miami 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346      www.podhurst.com

identical to the one Volkswagen makes here. Namely, the Eleventh Circuit reversed the district court's dismissal of a strict liability claim, rejecting "the district court's insistence that [the plaintiff] specifically plead the source of the defect and not commingle available theories of recovery." 288 F. App'x at 605. The court went on to explain that Florida law does not "appl[y] a rigid distinction among the various theories of recovery available to plaintiffs under strict products liability such that a plaintiff would be required to expressly plead 'design defect' versus 'manufacturing defect' at the complaint stage." *Id.* (citations omitted). In this regard, *Bailey* is wholly consistent with other Florida-law products liability cases. *See*, *e.g.*, *Brandt v. Depuy Orthopaedics, Inc.*, 2010 WL 2612037 at *3 (M.D. Fla. June 28, 2010) ("Florida law does not require that a plaintiff specifically set out the type of defect [design, manufacturing, or failure to warn] at the pleadings stage.").

The only apparent basis for Volkswagen's "commingling" argument is the district court's order in *Bailey*. *See* Mot. at 5 (citing *Bailey v. Janssen Pharmaceutica, Inc.*, 2007 WL 9706853 (S.D. Fla. Apr. 11, 2007)). But this is the precise order that was reversed by the Eleventh Circuit. Accordingly, it is no longer good law, and Volkswagen's "commingling" argument is entirely without merit.

**III.     Volkswagen's argument that Dr. Patt's Complaint should be dismissed for lack of particularity is without merit.**

Volkswagen's second argument for dismissal is that the allegations in Dr. Patt's Complaint lack sufficient specificity or particularity.[1] For example, Volkswagen faults the Complaint for failing to provide granular detail about the "precise design specifications" of Dr. Patt's Audi

---

[1] Volkswagen appears to assert this argument *only* as to Dr. Patt's allegations of manufacturing defect. Therefore, even if Volkswagen's argument had merit, it would not be grounds to dismiss the Complaint as a whole.

6

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 Miami 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346    www.podhurst.com

vehicle. This argument is flawed in several respects. First, as noted in Section I above, the argument is premised on a misunderstanding of the applicable legal standards: it invokes a pleading-with-particularity requirement that is inapplicable to manufacturing defect claims. *See, e.g.*, *Rhodes*, 2011 WL 5358554, at *2 ("Although [the allegations in the complaint] do not provide all the specific facts constituting the manufacturing defect, and specific facts would be helpful to [the defendant], the pleading standard . . . is governed by the notice pleading requirement of Rule 8 as opposed to the heightened pleading requirement of Rule 9."); *Dye v. Covidien LP*, 470 F. Supp. 3d 1329, 1337 (S.D. Fla. 2020) (rejecting the argument that a manufacturing defect claim must be dismissed because plaintiff "did not allege how the [p]roduct depart[ed] from its intended design").

Second, courts applying Florida law have consistently observed that a pleading-with-particularity requirement is not only inapplicable to products liability cases as a matter of law, but would also be unduly prejudicial to products liability claims. *See*, *e.g.*, *Rhodes*, 2011 WL 5358554, at *3 ("At the Motion to dismiss stage, it is not always reasonable to expect a plaintiff to know all of the technical reasons why a manufacturing defect occurred.").

Third, Dr. Patt's Complaint clearly satisfies the pleading standards for a manufacturing defect claim, by alleging (1) that Audi made the product in question, (2) that the product had a defect rendering it unreasonably dangerous, and (3) that the defect was the cause of Dr. Patt's injuries. *See*, *e.g.*, *West v. Caterpillar Tractor Co. Inc.*, 336 So.2d 80, 86-87 (Fla. 1976) (outlining pleading requirements for manufacturing defect claims). Indeed, the Complaint is *more* specific than what is required by law. Among other things, the Complaint identifies the Audi pre sense® technology as the likely locus of the defect. *See* Compl. ¶ 24. And it alleges the precise way in

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 Miami 305.358.2800  Fax 305.358.2382 • Ft. Lauderdale 954.463.4346    www.podhurst.com

which the Audi pre sense® technology appears to have malfunctioned, by falsely triggering a sudden tightening of the safety harness. *See id.* ¶¶ 24-29.

Volkswagen's Motion relies on cases in which courts have dismissed manufacturing defect claims based on bare-bones conclusory allegations. But those cases are far afield. Among other things, they involved complaints that contained no factual allegations whatsoever supporting a manufacturing defect claim and left defendants in the dark about the basic nature of the plaintiff's claim. Consider, for example, *Gomez v. Pfizer, Inc.*, 675 F. Supp. 2d 1159 (S.D. Fla. 2009). In that case, the plaintiff consumed multiple over-the-counter drugs manufactured by different companies. She filed suit against the several manufacturers, summarily alleging that the products "were defectively designed and/or manufactured because [their] intended use resulted in a substantial and unreasonable likelihood of causing [injury]." *Id.* at 1163. Importantly, the complaint failed to allege certain basic facts, including which manufacturer had made which products or even which products were allegedly defective. As a result, the complaint utterly failed to put the defendants on notice about the basic elements of the plaintiff's claim.

The deficiencies at issue in *Gomez* are wholly absent in this case. Here, the Complaint makes clear which manufacturer Dr. Patt is suing (Volkswagen), which product was allegedly defective (Dr. Patt's Audi Q8), and which manufacturer produced that product (Volkswagen). Indeed, the Complaint even goes so far as to specify the pre sense® system as the likely locus of the defect. "Unlike in *Gomez*, there is no question left. . . as to which [product] allegedly suffers from a . . . defect. And no issue arises as to proximate cause, as implicitly did in *Gomez*, where some unidentified combination of drugs supposedly was ingested before plaintiff developed Stevens-Johnson Syndrome." *Hosler v. Alcon Lab'ys, Inc.*, 2012 WL 4792983, at *8 (S.D. Fla. Oct. 9, 2012).

8

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 Miami 305.358.2800 Fax 305.358.2382 • Ft. Lauderdale 954.463.4346 www.podhurst.com

In short, Dr. Patt's Complaint contains the requisite allegations for a manufacturing defect claim, and in most respects exceeds the pleading requirements for such a claim. Volkswagen's argument to the contrary is premised on the apparent misapprehension that manufacturing defect claims have to be pled with particularity, and that a plaintiff is required to allege—or perhaps even to somehow prove—the precise technical mechanics of the alleged defect at the pleading stage. But this argument finds no support in the law. Accordingly, Volkswagen's argument should be rejected.

## CONCLUSION

Both of the purported grounds for dismissal of Dr. Patt's complaint—the alleged "commingling" and the alleged lack of particularity as to Dr. Patt's manufacturing defect claim—are unsupported by law. Accordingly, the Motion to Dismiss should be denied. Nevertheless, should the Court agree with Volkswagen as to either ground for dismissal, Plaintiff respectfully requests an opportunity to amend his Complaint and rectify the purported pleading deficiencies.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and furnished to all counsel of record by the Court's CM/ECF system on this 13th day of June, 2022.

Respectfully submitted,

**PODHURST ORSECK, P.A.**
Attorneys for Plaintiffs
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
(305) 358-2800 / Fax (305) 358-2382

By: /s/ Pablo Rojas
STEVEN C. MARKS (Fl. Bar No. 516414)
smarks@podhurst.com
PABLO ROJAS  (Fl. Bar No. 1022427)
Projas@podhurst.com

9

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 Miami 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346     www.podhurst.com