**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-cv-21585-BLOOM/Otazo-Reyes**

RICHARD PATT,

    Plaintiff,

v.

VOLKSWAGEN GROUP OF AMERICA,
INC. d/b/a Audi of America, Inc.,
*a Foreign corporation,*

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon the Motion to Dismiss, ECF No. [6] (the "Motion"), filed by Defendant Volkswagen Group of America, Inc., d/b/a/ Audi of America, Inc. ("Audi"). Plaintiff Richard Patt ("Patt") filed a Response in Opposition, ECF No. [7], to which Audi filed a Reply, ECF No. [13]. The Court has carefully reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion to Dismiss, ECF No. [6], is denied.

    **I.   BACKGROUND**

This is a personal injury action arising from injuries Patt allegedly suffered on March 28, 2021, while driving an Audi SUV in Miami, Florida. ECF No. [1-2] ¶¶ 1, 9. Patt alleges that he was waiting at a stoplight when his seatbelt tightened, pulled him back, crushed his chest, and caused him to suffer a collapsed lung. *Id.* ¶ 11. He claims that the cause of the seatbelt tightening was Audi's "pre sense® rear technology," which is designed to detect impending rear-end collisions and initiate preventive measures to protect occupants from injury. *Id.* ¶ 13-16. He asserts

Case 1:22-cv-21585-BB   Document 20   Entered on FLSD Docket 09/09/2022   Page 2 of 7

Case No. 22-cv-21585-BLOOM/Otazo-Reyes

that the pre sense® technology is defective and it was "falsely triggered" by bicyclists who passed near the vehicle. *Id.* ¶ 15.

Patt alleges one count of Strict Products Liability (Count 1) and one count of Negligence (Count 2). *Id.* at 47, 50. Within both of those counts, he asserts theories of "design defect, manufacturing defect, and failure to warn." *Id.* ¶¶ 22, 31. Patt originally filed this action in state court, but Audi removed to this Court based on the parties' diversity. ECF No. [1].

Audi brings the instant Motion to Dismiss pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. [6]. Audi claims that each count of the Complaint improperly commingles theories of design defect and failure to warn with theories of so-called manufacturing defect. Moreover, Audi contends that while the Complaint purports to assert a manufacturing defect claim, Plaintiff fails to identify any actual manufacturing defect and argues that Plaintiff's negligence claim and strict liability claims are deficient for the same reason.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss

a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court accepts the plaintiff's allegations as true and evaluates all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III. DISCUSSION

As noted, Audi asserts two deficiencies within Audi's complaint. First, Audi argues that Patt has comingled his claims of design defect, manufacturing defect, and failure-to-warn. ECF No. [6] at 4 n.1 (citing *Weiland v. Plam Beach Cnt. Sherriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (discussing shotgun pleadings)). In Response, Patt cites to *Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 605 (11th Cir. 2008), wherein the Eleventh Circuit concluded that a district court abused its discretion when it dismissed a count that commingled theories of design defect, manufacture defect, and failure-to-warn. *Bailey* reasoned that the "Federal rules permit pleading in the alternative, even within one single count." *Id.* (citing Fed. R. Civ. P. 8(d)(2)). Moreover, "it would be difficult at such an early stage in the litigation for a plaintiff to know whether a defect was due to a product's design or manufacture[.]" *Id.* at 605. In

3

light of *Bailey*, the Court finds nothing improper with Patt's decision to plead multiple theories of recovery into a single count of strict liability and a single count of negligence.

Second, Audi argues that Patt has failed to sufficiently allege claims of manufacturing defect because the Complaint "fails to identify a manufacturing defect and tie the defect to [Patt]'s injury[.]" ECF No. [6] at 7. Audi asserts that the Complaint lacks "any *factual* showing as to (1) the precise design specifications of Plaintiff's Audi [SUV]; (2) how Plaintiff's Audi [SUV] deviated from its intended design; and (3) how such alleged deviation caused Plaintiff's alleged injuries." *Id.* at 6-7. Patt accurately responds that no "*factual* showing" is required at the pleading stage, and a complaint alleging manufacturing defect claim need not "allege with particularity [ ] 'the precise design specifications'" of the product at issue. ECF No. [7] at 4-5.

Under Florida law, "the manufacturer of a defective product can be held liable if the manufacturer made the product in question, if the product has a defect that renders it unreasonably dangerous, and if the unreasonably dangerous condition is the proximate cause of the plaintiff's injury." *Jennings v. BIC Corp.*, 181 F.3d 1250, 1255 (11th Cir. 1999). Applying that standard here is straightforward: Patt has alleged that Audi is the manufacturer of his SUV, which had a defect in its pre sense® rear technology that rendered it unreasonably dangerous, which proximately caused Patt's injury when it tightened his seatbelt upon the passing of two bicyclists. ECF No. [1-2] ¶¶ 5, 6, 13-18, 20.

The cases cited by Audi are inapposite. *Gomez v. Pfizer, Inc.* involved a plaintiff who suffered illness after consuming a combination of Zoloft, Tylenol, and Motrin. 675 F. Supp. 2d 1159, 1161 (S.D. Fla. 2009). The court found that the plaintiff's strict liability claim against the manufacturers of Tylenol and Motrin was subject to dismissal because the complaint did not allege which product caused plaintiff's injuries, nor did it allege "what was in fact defective about the

products." *Id*. at 1163. Here, by contrast, there is only one product at issue – the Audi SUV – and Patt has specified the pre sense® rear technology as the defective component within that product.

Audi additionally cites the district court's decision in *Bailey v. Janssen Pharmaceutica, Inc.*, wherein the district court dismissed a manufacturing defect claim for failing to specify how a product was defective and failing to "connect a potential defect to the product's . . . manufacturing process." No. 06-cv-80702, 2006 WL 3665417, 3 (S.D. Fla., Nov. 14, 2006). However, the Eleventh Circuit disagreed with the district court's determination, finding that the complaint sufficiently alleged a defect in the product in question. *Bailey*, 288 F. App'x at 608 ("Whether this [defect] was the result of a manufacturing error along the assembly line or because of a faulty design in the [product] itself would be difficult for a consumer to know prior to discovery."). Again, Patt has alleged a specific defect in the Audi SUV – the pre sense® rear technology – which was allegedly "falsely triggered" upon the passing of two bicyclists. ECF No. [1-2] ¶ 15. Patt is not required to plead with more specificity the exact manufacturing defect that caused the pre sense® rear technology to malfunction. *See id*.

Audi's position is perhaps best supported by *Merino v. Ethicon Inc.*, 536 F. Supp. 3d 1271, 1283 (S.D. Fla. 2021) and *Anderson v. Johnson*, No. 20-cv-2393, 2021 WL 3622397, *6 (M.D. Fla., Aug. 16, 2021), wherein the district courts dismissed defective manufacture claims for failure to allege deviations from the design specifications. Both *Merino* and *Anderson* faulted the complaints in those cases for basing their defective manufacture claims upon the single conclusory allegation that "with respect to its manufacture, [the product] deviated materially from Defendant[s'] . . . design and manufacturing specifications in such a manner as to pose unreasonable risks of serious bodily harm[.]" *Merino*, 536 F. Supp. 3d at 1283 (quoting the complaint); *Anderson*, 2021 WL 3622397 at *6 (quoting a complaint with nearly identical language to that of the complaint in *Merino*). Here, however, Patt's Complaint contains additional

5

allegations regarding Audi's failure to test and implement effective quality control procedures with respect to the pre sense® rear technology. *See* ECF No. [1-2] ¶ 24. Although some of those allegations are conclusory, the Eleventh Circuit clarified in *Bailey* that a plaintiff is not required to specify where in the manufacturing process the defect was introduced. 288 F. App'x at 610 ("We expect that after discovery appellant will have an opportunity to better identify whether the purported defect at issue was a result of design or manufacturing error or both."); *see also Rhodes v. Novartis Pharm. Corp.*, No. 11-cv-00471, 2011 WL 5358554, at *3 (M.D. Fla., Nov. 1, 2011) ("At the Motion to Dismiss stage, it is not always reasonable to expect a plaintiff to know all of the technical reasons why a manufacturing defect occurred.").

In sum, the Court finds that the allegations within the Complaint "are sufficient to allow defendants to frame a responsive pleading directed at a defect in either the design or manufacturing" of the pre sense® rear technology that allegedly caused Patt's seatbelt to tighten when the bicyclists passed. *Bailey*, 288 F. App'x at 608; *see also Dye v. Covidien LP*, 470 F. Supp. 3d 1329, 1337 (S.D. Fla. 2020) (rejecting a defendant's attempt to apply a higher standard to a manufacturing defect claim than a design defect claim). Patt's manufacturing defect claim therefore survives Audi's Rule 12(b)(6) Motion to Dismiss.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss, **ECF No. [6]**, is **DENIED.**

2. Defendant shall file an Answer to the Complaint, ECF No. [1], on or before **September 16, 2022**.

Case No. 22-cv-21585-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 8, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record