**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-cv-21585-BLOOM/Otazo-Reyes**

RICHARD PATT,

      Plaintiff,

v.

VOLKSWAGEN GROUP OF AMERICA,
INC. d/b/a Audi of America, Inc.,
*a Foreign corporation,*

      Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND

**THIS CAUSE** is before the Court upon Plaintiff Richard Patt's Motion for Leave to

Amend Complaint, ECF No. [23] ("Motion"), filed on February 7, 2023. Defendant Volkswagen

Group of America, Inc. filed a Response in Opposition, ECF No. [27], to which Plaintiff filed a

Reply, ECF No. [29]. The Court has carefully reviewed the Motion, the Response, the Reply, the

record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth

below, the Motion is granted.

### I.      BACKGROUND

This is a personal injury action arising from injuries Plaintiff allegedly suffered on March

28, 2021, while driving an Audi SUV in Miami, Florida. ECF No. [1-2] ¶¶ 1, 9. Plaintiff alleges

that he was waiting at a stoplight when his seatbelt tightened, pulled him back, crushed his chest,

and caused him to suffer a collapsed lung. *Id.* ¶ 11. He claims that the cause of the seatbelt

tightening was Audi's "pre sense® rear technology," which is designed to detect impending rear-

end collisions and initiate preventive measures to protect occupants from injury. *Id.* ¶ 13-16.

Plaintiff alleges one count of Strict Products Liability and one count of Negligence. *Id*. at 47, 50. Within both of those counts, he asserts theories of "design defect, manufacturing defect, and failure to warn." *Id.* ¶¶ 22, 31. Plaintiff originally filed this action in state court, and Defendant removed the action to this Court based on the parties' diversity of citizenship. ECF No. [1].

In his Motion, Plaintiff seeks leave to file an Amended Complaint to add Audi AG as a Defendant in this case. ECF No. [23]. Plaintiff asserts that adding Audi AG to this suit is necessary because Defendant has asserted in its discovery responses that Audi AG "was responsible for the design, development, quality assurance, analysis, testing, safety, manufacturing, and assembly" of the Audi components that allegedly caused Plaintiff's injuries. *Id*. at 1-2 (quotation marks omitted).

Defendant responds that Plaintiff's Motion should be denied because it was filed seven months after the deadline to amend pleadings set forth in the Court's Scheduling Order, ECF No. [12], and Plaintiff failed to show good cause for failing to comply with that deadline. ECF No. [27] at 2. Defendant asserts that Plaintiff became aware of Audi AG's role in this case as early as July 27, 2022, so Plaintiff should have added Audi AG as a defendant months earlier. *Id*. at 2.

Plaintiff replies that "it was not until January 17, 2023, that [Defendant] articulated its position that essentially *all* the conduct relevant to Plaintiff's claims was the conduct of its affiliate Audi AG[.]" ECF No. [29]. Plaintiff asserts that denying his Motion would waste judicial resources by forcing Plaintiff to file an additional suit against Audi AG for the same underlying injury. *Id*. at 3-4.

## II.    LEGAL STANDARD

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.

R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, "[a] district court need not . . . allow an amendment where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In addition, under the Federal Rules of Civil Procedure, district courts are required to enter a scheduling order that limits the time to amend the pleadings. *See* Fed. R. Civ. P. 16(b)(3)(A). Scheduling orders may be modified only "for good cause and with the judge's consent." *See id.* at (b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note) (quotations omitted). Accordingly, "when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." *Id.* at 1418 n.2; *see also Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [we] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment).

Through this lens, the Court addresses the instant Motion.

### III.   DISCUSSION

Plaintiff's Motion was filed approximately seven months after the deadline for amended pleadings set forth in the Court's Scheduling Order. ECF No. [12] at 2 (setting a deadline of August

15, 2022). Because the Motion is untimely, Plaintiff must first demonstrate "good cause" pursuant to Rule 16(b). *Smith*, 487 F.3d at 1366-67. Good cause exists when "evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline passed." *Donahay v. Palm Beach Tours & Transp., Inc*., 243 F.R.D. 697, 699 (S.D. Fla. 2007).

Plaintiff concedes that, as early as July 2022, Defendant "attributed some responsibility for the design and manufacture of some components of the subject vehicle to Audi AG[.]" ECF No. [29] at 1. However, according to Plaintiff, it was not until January 2023 that Plaintiff learned that Defendant "disclaimed *all* knowledge and responsibility for virtually any of the tortious acts and omissions giving rise to this action." *Id*. at 1. Defendant's position was revealed when Defendant refused to produce any corporate representatives for deposition because Defendant asserted that "[t]here is no one . . . with knowledge of any of the nine topics requested by Plaintiff." *Id*. at 3 (quotation marks omitted). Plaintiff further represents that, upon learning Defendant's position, Plaintiff immediately took steps to amend its Complaint to add Audi AG. *Id*. at 4.

The Court finds that Plaintiff has asserted a plausible explanation for its belated request for leave to add Audi AG as a party to this case. Though it is undisputed that Plaintiff had *some* knowledge of Audi AG's involvement seven months ago, Plaintiff has plausibly alleged that he only recently become aware of Audi AG's centrality to this case. Accordingly, the Court finds "good cause" under Rule 16(b) to allow a modification of the Court's scheduling order. *See Sosa*, 133 F.3d at 1419. The Court therefore proceeds with analysis under Rule 15(a)(2). *Id*.

Rule 15(a)(2) instructs district courts to "freely give leave [to amend] when justice so requires." *Id.* However, amendment is properly denied where the moving party acted with "undue

Case No. 22-cv-21585-BLOOM/Otazo-Reyes

delay," where amendment would cause "undue prejudice to the opposing party," or "where amendment would be futile." *Bryant*, 252 F.3d at 1163.

Defendant argues that Plaintiff "has unduly delayed seeking to amend his complaint," and Defendant "will be unduly prejudiced with the rapidly approaching expert disclosure deadline[.]" ECF No. [27] at 2-3. The Court rejects Defendant's undue delay argument for the reasons set forth above in the Court's Rule 16 analysis. As for undue prejudice, the only prejudice asserted by Defendant can be cured by amending the pretrial deadlines in this case. The Court will do so in a separate order.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Plaintiff's Motion, **ECF No. [23]**, is **GRANTED**.

2.  Plaintiff shall refile its Amended Complaint within **7 days** of the date of this Order.

3.  Plaintiff shall serve Audi AG **no later than 30 days** after the Amended Complaint is filed.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 21, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record