UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-21585-BLOOM/Otazo-Reyes**

RICHARD PATT,

    Plaintiff,

v.

VOLKSWAGEN GROUP OF AMERICA,
INC. d/b/a Audi of America, Inc.,
a Foreign corporation and AUDI AG, a
Foreign corporation.

    Defendant.

_____/

## ORDER ON MOTION TO STAY DISCOVERY

**THIS CAUSE** is before the Court upon Defendant Audi Aktiengesellschaft's ("Audi AG") Motion to Stay, ECF No. [49] (the "Motion"). Plaintiff Richard Patt ("Patt") filed a Response in Opposition. ECF No. [50]. Audi AG filed a Reply. ECF No. [51]. For the reasons set forth below, the Court does not find a sufficient basis to warrant a stay of discovery.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014) (quotation marks omitted). "While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious

Case No. 22-cv-21585-BLOOM/Otazo-Reyes

and truly case dispositive." *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021) (quotation marks omitted).

Audi AG argues that good cause exists for the requested stay because Audi AG's Motion to Dismiss may terminate Audi AG's involvement in this case, and because Audi AG will be burdened by participation in discovery due to its headquarters in Germany. ECF No. [49] at 3. Patt responds that Audi AG's Motion to Dismiss "is not the type of 'slam-dunk' motion" that would justify a stay of discovery, and Audi AG can fulfill most of its discovery obligations via electronic means, including videoconference. ECF No. [50] at 5-6.

Having taken a "preliminary peek" at the pending Motion to Dismiss and related filings, ECF No. [43], the Court concludes that a stay is not warranted in this case. *Cuhaci*, 540 F. Supp. 3d at 1187. As Patt correctly points out, Audi AG's Motion to Dismiss neglects to mention a 2021 Supreme Court ruling that forecloses at least some of Audi AG's arguments in favor of dismissal. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1028 (2021) (describing "the Audi/Volkswagen scenario as a paradigm case of specific jurisdiction."). Moreover, the Court agrees with Patt that, in this age of electronic discovery and video depositions, Audi AG is not significantly burdened due to its headquarters' location in Germany. *See, e.g.*, *Sifonte v. Fonseca*, No. 1:21-CV-20543, 2022 WL 4110705, at *15 (S.D. Fla. Aug. 12, 2022) ("[I]n a world with copy machines, email, overnight shipping, and mobile phones that can scan and send documents, the physical location of documents is irrelevant." (quotation marks omitted)).

Turning to Audi AG's request to extend the pretrial deadlines, the Court agrees that Audi AG's recent appearance in this case is good cause for the Scheduling Order to be amended. However, the Court will require the parties to adhere to the Mediation deadline of **August 8, 2023**.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

Case No. 22-cv-21585-BLOOM/Otazo-Reyes

1. Audi AG's Motion, **ECF No. [49]**, is **DENIED**.

2. **No later than August 4, 2023**, the parties shall meet, confer, and file an amended Joint Scheduling Report that proposes a trial date that takes into consideration the discovery necessary in this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 21, 2023.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record