UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-21585-BLOOM/Torres**

RICHARD PATT,

      Plaintiff,

v.

VOLKSWAGEN GROUP OF AMERICA,
INC. d/b/a Audi of America, Inc.,
*a foreign corporation,* and AUDI AG,

      Defendants.

_____/

## ORDER ON MOTION TO ALTER OR AMEND JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Richard Patt's ("Plaintiff") Motion to Alter or Amend Judgment ("Motion"), ECF No. [129]. Defendants Volkswagen Group of America, Inc., d/b/a/ Audi of America, Inc. ("VWGoA"), and Audi AG (collectively, "Defendants") filed a Response ("Response"), ECF No. [132], to which Plaintiff filed a Reply ("Reply"). ECF No. [134]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

## I.    BACKGROUND

As recounted in this Court's Order on Motion for Summary Judgment, this case arises from injuries Plaintiff purportedly suffered on March 28, 2021, while driving his Audi SUV ("vehicle") in Miami, Florida. Plaintiff contends that while waiting at a stoplight, his seatbelt tightened so severely that it crushed his chest and caused him to suffer a collapsed lung. *See* ECF No. [33] ¶¶ 1-12. Plaintiff claims the cause of the tightening was a result of a defect in Audi's "pre sense® rear technology," which is designed to detect impending rear-end collisions and initiate preventive

measures to protect occupants from injury. *Id.* ¶¶ 14-15. According to Plaintiff, the pre sense®
rear technology in his vehicle was defective, and as a result, the technology was "falsely triggered"
by bicyclists who passed near Plaintiff's vehicle, causing his seatbelt to tighten, ultimately causing
the alleged injuries. *Id.* ¶ 16.

Plaintiff brought three claims against Defendants: (1) a strict products liability claim based
on theories of "design defect, manufacturing defect, and failure to warn" (Count I); (2) negligence
against VWGoA based on theories of "design defect, manufacturing defect, and failure to warn,"
(Count II); and (3) negligence against Audi AG based on a theory of a failure to warn (Count III).
*Id.* ¶¶ 23, 32, 38. Plaintiff eventually withdrew his manufacturing defect claims in Counts I and II.
ECF No. [114]; ECF No. [127] at 8.

**A. Motion for Summary Judgment**

On March 1, 2024, Defendants filed their Motion for Summary Judgment. ECF No. [89].
The Court addresses the parties' arguments relevant to the instant Motion.

Regarding the strict liability design defect claim, Defendants argued that Plaintiff could
not prove the alleged defect of the pre sense® rear technology caused his injuries. Defendants
asserted that expert medical testimony was necessary to prove causation for the design defect claim
because determining causation for Plaintiff's alleged injuries—a collapsed lung caused by the pre
sense® rear technology's tightening—required knowledge beyond the scope of a lay juror. *Id.* at
14. Because Plaintiff failed to provide any expert medical causation testimony, Plaintiff could not
establish the causation element of his claim. *Id.* at 15. Plaintiff responded that expert medical
causation testimony may be necessary in certain complex medical and scientific cases, however,
Plaintiff's case did not involve complex medical or scientific issues. Plaintiff maintained that

jurors could use their "own common sense to reach the obvious conclusion that the exertion of too much force to one's chest may cause an injury." ECF No. [114] at 11.

Regarding the negligent design claim, Defendants also argued that the lack of causation evidence proved fatal. ECF No. [89] at 12-13. Defendants maintained that given the complexity of the injury, Plaintiff must provide expert medical causation testimony in order to establish a *prima facie* case of products liability sounding in negligence. *See id.* at 15. Plaintiff similarly disagreed that his negligent design claim involved complex causation issues requiring expert scientific or medical causation testimony.

Regarding Plaintiff's failure to warn claims, Defendants maintained they were entitled to summary judgment because Plaintiff did not offer expert testimony that Defendant's warnings were inadequate or defective. ECF No. [89] at 11. Moreover, even if Defendants did not adequately warn, Plaintiff failed to show that the inadequate warnings were the proximate cause of his injuries because Plaintiff conceded that he did not read the warnings in the vehicle's owner's manual. *Id.* at 11-12. Plaintiff responded by asserting that no expert testimony as to the adequacy of the warning was needed because the issue was not too complex for the jury to decide on its own. ECF No. [114] at 9-10. Plaintiff maintained that his failure to read the vehicle's owner's manual was not fatal because he was not arguing that the warnings were inadequate; rather, there were no warnings at all. ECF No. [114] at 9. As such, Plaintiff concluded that his failure to read the manual did not foreclose his failure to warn claims.

**B. Order on Summary Judgment**

On April 17, 2024, this Court issued its Order on Motion for Summary Judgment, ECF No. [127], granting summary judgment in favor of the Defendants on each count.

Regarding Plaintiff's design defect claim under the theory of strict products liability, the Court noted that in strict products liability cases, the plaintiff must prove that the alleged defective product proximately caused the plaintiff's injuries. *See id.* at 16. After noting several of the challenges in this case, the Court found that the causation issue was indeed complex and would require the jury to assess issues outside a layperson's common knowledge. *See id.* at 18-19. Accordingly, the Court determined that Plaintiff must provide expert medical testimony to establish the causation element of his strict products liability claim. Because Plaintiff failed to offer any expert testimony explaining how the alleged defective product proximately caused his injuries, summary judgment was appropriate. *Id.* at 23.

Regarding Plaintiff's negligent design claim, the Court found that the evidence necessary to prove causation for a products liability claim sounding in negligence was the same as Plaintiff's strict products liability claim. Accordingly, Plaintiff's failure to proffer any expert medical causation testimony was fatal to causation onto his design defect theory of negligence. *Id.* at 23-24. Summary judgment was entered in favor of Defendants as to the design defect claim. *Id.*

Regarding Plaintiff's failure to warn claims the Court concluded that the undisputed evidence established that Plaintiff was unable to show that Defendants' failure to provide adequate warnings proximately caused his alleged injuries. ECF No. [127] at 25. The Court noted that the vehicle's owner's manual contained warnings regarding the vehicle's pre sense® rear technology, however, Plaintiff did not read the warnings in the manual. *Id.* at 25-26. Therefore, because he had not read the warnings, the Court concluded that the inadequacy of the warning could not have proximately caused his injuries. Consequently, summary judgment was entered in favor of Defendants on the failure to warn claims.

The Court entered a final judgment in favor of Defendants on April 17, 2024. ECF No. [128]. On May 16, 2024, Plaintiff filed the instant Motion and argues that the Court made several manifest errors of law and fact. ECF No. [129].

## II.   LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to file a motion to alter or amend a judgment within 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e); *see Banister v. Davis*, 590 U.S. 504, 507 (2020). "[M]otions for reconsideration are disfavored" and that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly." *Krstic v. Princess Cruise Lines, Ltd. (Corp)*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010); *see Barbee v. Berryhill*, 350 F. Supp. 3d. 1209, 1212 (N.D. Ala. 2018) ("In fact, 'the extremely limited nature of the rule 59(e) remedy cannot be overstated.'") (quoting *Lee v. Thomas*, No. 10-587, 2012 WL 3137901, at *2 n.1 (S.D. Ala. Aug. 1, 2012)).  "Court opinions are 'not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."' *Hope v. Sec'y, Dep't of Corr.*, No. 6:16-cv2014-Orl-28GJK, 2018 WL 10669778, at *1 (M.D. Fla. Feb. 8, 2018) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). The United States Supreme Court and the Eleventh Circuit Court of Appeals have made clear that a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed.1995)); *see also Arthur*, 500 F.3d at 1343 ("[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.") (alterations in the original)

5

(quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). This includes arguments that were "previously available, but not pressed." *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam). "[T]he decision whether to alter or amend a judgment pursuant to Rule 59(e) is 'committed to the sound discretion of the district judge.'" *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000) (quoting *American Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985)); *see O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

## III. DISCUSSION

Plaintiff does not allege in his motion that any new evidence has been uncovered. Accordingly, Plaintiff's only basis to alter or amend the judgment is the Court's alleged manifest errors of law and fact when ruling on the Defendants' Motion for Summary Judgment. ECF No. [129]. Plaintiff offers two separate grounds for reconsideration. Plaintiff claims the Court committed plain error by requiring Plaintiff to provide expert testimony to establish causation for his design defect claims in Counts I and II. *Id.* at 1. Plaintiff also contends it was error to dismiss his failure to warn claims based on the undisputed fact that he did not read the vehicle's owner's manual. *Id.* Plaintiff argues that because there was no warning at all, as opposed to mere inadequate warnings, the Court cannot foreclose his claims based on his failure to read the manual.

Defendants respond that Plaintiff's first ground for reconsideration should be denied because Plaintiff merely repeats "his legally unsupported prior arguments" that medical causation can be inferred, and no expert testimony is needed. ECF No. [132] at 2. Regarding the second basis for reconsideration, Defendants contend that Plaintiff has not identified any error of law or fact regarding his failure to establish Defendants' failure to warn was the proximate cause of his injuries. *Id.* at 5. Defendants assert Plaintiff's argument that there was no warning at all is improper because Plaintiff has raised the argument for the first time in the Motion, notwithstanding its

availability at the summary judgment stage. In any event, Defendants point out that Plaintiff's lack of warning argument "is just plain wrong," ECF No. [130] at 5, and it is undisputed that there is a portion of the owner's manual devoted to warning about the pre sense® rear technology.

**A.  Reconsideration of Whether Expert Medical Causation Testimony is Necessary**

Plaintiff first argues that the Court's determination that he was required to provide expert medical causation testimony to prove the cause of his pneumothorax (collapsed lung) constitutes clear error. Plaintiff sets forth several arguments and contends that he did, in fact, offer medical testimony to prove causation for his alleged injuries. Plaintiff points out that "Dr. Ciment—who was not a retained expert—opined that he believed [the March 28, 2021,] incident caused the puncture of Plaintiff's lungs that in turn led to the pneumothorax, although he clarified that this was not a formal medical diagnosis and could not say 'with medical certainty' that the tensioning led to the puncture." ECF No. [129] at 3. Plaintiff now insists that, notwithstanding the fact that Dr. Ciment did not purport to determine the cause of Plaintiff's injuries to a medical degree of certainty, Dr. Ciment's opinion that "the displacement of screws in Plaintiff's chest caused the pneumothorax, and there was no record evidence of any intervening cause of Plaintiff's symptoms or pneumothorax following the pretensioning incident" was made with sufficient medical certainty to establish the causation element for Plaintiffs' strict liability and negligence claims. *See id.*

Alternatively, even if Dr. Ciment's opinion was not sufficient, Plaintiff argues that no specialized medical causation testimony was needed. According to Plaintiff, given that his pneumothorax symptoms and the diagnosis both occurred within twelve hours of the incident he claims caused the injury, the issue of causation is simple enough that a reasonable jury could find causation without the need for any medical or scientific expertise.

Plaintiff asserts the cases the Court relied upon are all distinguishable. Plaintiff contends that the cases the Court referenced "all involved alleged pharmaceutical injuries with multi-year-

long lag periods or conflicting evidence regarding which medical device caused the plaintiff's injuries." ECF No. [129] at 4-5. Because there is not a significant lag time between the incident and the diagnosis and there is no dispute about which device allegedly malfunctioned, Plaintiff argues that a reasonable jury would be able to use common sense to find causation.

Finally, Plaintiff contends that summary judgment should not have been granted on his strict products liability and negligence claim in Count I and Count II because Defendants failed to carry their burden of offering convincing admissible evidence of an alternative cause of Plaintiff's injuries. Plaintiff's claim that Defendants' theory that Plaintiff pneumothorax was caused by a coughing fit as opposed to the pretensioning of his seatbelt is based on Defendant's expert's "deeply flawed analysis regarding the physical forces associated with coughing." Given this flawed theory, Defendants "wholly failed to carry their burden to establish an alternative cause." ECF No. [129].

Defendants respond by highlighting that Dr. Ciment "could not opine to a reasonable degree of medical certainty that the pneumothorax was caused by the activation of the Audi vehicle's Pre Sense ® Rear technology." ECF No. [132] at 4. Accordingly, because Plaintiff offers no support which allows an expert "to provide an opinion as to medical causation when that expert cannot do so to a reasonable degree of certainty[,]" Defendants argue Dr. Ciment's testimony does not satisfy Plaintiff's evidentiary burden as to causation. And even if it did, Plaintiff waived the argument by not raising it at the summary judgment stage. *Id.* at 5.

With respect to Plaintiff's argument that the issue of causation in this case was within the purview of a lay jury, Defendants respond by asserting Plaintiff has failed to reference any new precedent supporting "his position that the cause of a complex medical condition like a

pneumothorax…can simply be inferred by the jury." ECF No. [132] at 2. Without any such support, Defendants claim Plaintiff fails to offer a sufficient basis for reconsideration. *Id.*

Defendants contend that Plaintiff's criticism of Defendants' expert testimony is also an impermissible ground for reconsideration. Defendants state that "it is the burden of the Plaintiff, not the Defendants, to establish medical causation in this case." *Id.* at 3. Defendants argue that they do not have a burden to prove an alternative cause for Plaintiff's pneumothorax, and therefore, even if Defendants' expert testimony was inadmissible, it would not be a basis to reverse the Court's conclusion on summary judgment. *Id.* at 3-4.

Plaintiff fails to provide case law that the Court overlooked or failed to consider. In Plaintiff's opposition to summary judgment, he specifically argued that "'expert testimony is not required when a jury could reasonably infer from the product's failure under all the attendant circumstances that its defective condition caused the plaintiff's injury.'" ECF No. [114] at 11 (quoting *Goree v. Winnebago Indus., Inc.*, 958 F.2d 1537, 1541 (11th Cir. 1992) (internal level of quotation and citation omitted)). Thus, his arguments now appear to be nothing more than an impermissible rehashing of previously litigated issues. *See PaineWebber Income Properties Three Ltd. Partnership v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D.Fla.1995) ("A motion for reconsideration should raise new issues, not merely readdress issues litigated previously.").

Because Plaintiff's arguments were previously raised, and the Court specifically addressed these arguments in its Order on Summary Judgment, the only potential avenue in which Plaintiff could prevail is if he pointed to a glaring issue that the Court failed to consider, patently misunderstood, or clearly analyzed inappropriately. *See Kapila*, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) ("A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to

the Court by the parties, or has made an error not of reasoning but of apprehension."). But as the Court will explain, Plaintiff has failed to identify a clear error requiring reversal.

Regarding the requirement that causation in a complex products liability case must be proven by medical or scientific experts, the law is clear. As the Court articulated in its Order on Summary Judgment: "Regarding . . . proof of causation, in complex cases where a jury is asked to assess complex medical or scientific issues outside the scope of a layperson's knowledge, an expert's testimony is required…Without expert testimony, the plaintiff's claim fails as a matter of law." ECF No. [127] (internal citations omitted). Given the expert testimony requirement, Plaintiff's first argument that Dr. Ciment's opinion was sufficient to establish causation is unavailing. Plaintiff not only acknowledges that Dr. Ciment was not retained as an expert in this case, but Dr. Ciment admitted that his opinion was not provided with a reasonable degree of medical certainty. Thus, Plaintiff may not rely on Dr. Ciment's conclusion as a medical opinion. *See Worley v. Carnival Corp*, CASE NO. 21-CIV-23501-MORENO/GOODMAN, 2023 WL 1840154, at *4 (S.D. Fla. 2023) ("Medical opinions regarding causation must be stated to a reasonable degree of medical certainty.") (collecting cases). Plaintiff does not offer case law supporting the proposition that a medical opinion not offered with a reasonable degree of medical certainty could qualify as an expert opinion. As such, Dr. Ciment's opinion as to causation cannot serve as a basis for reconsideration.

Alternatively, Plaintiff reargues that a reasonable jury could make a determination as to causation without the assistance of a medical expert because this case is not a complex "pharmaceutical or chemical exposure case involving lengthy lag periods between exposure and injury." ECF No. [129] at 6. Plaintiff contends that because he started experiencing symptoms of a collapsed lung within twelve hours of the incident, a jury could infer that forceful tightening of

the seatbelt across Plaintiff's chest was necessarily the cause of the subsequent dislodging of the screws in Plaintiff's chest which resulted in his collapsed lung. Plaintiff offers no case law showing that this type of injury does not need expert testimony. Instead, Plaintiff insists that, just like the jury, the Court should use its "common sense" to infer causation based on the timing between the incident and the manifestation of the injury.

Plaintiff fails to recognize that the Court carefully considered his arguments *See* ECF No. 127 at 17. In its Summary Judgment Order, the Court explained:

> Plaintiff's assertion that a juror may simply infer that "the exertion of too much force to one's chest may cause an injury[]" oversimplifies the nature of his injuries. ECF No. [114] at 11. Plaintiff contends the tightened seat belt exerted sufficient force to collapse his lung. The amount of force required to do so is plainly outside of the scope of an average juror's understanding. Moreover, assuming the seat belt did in fact exert sufficient force to collapse Plaintiff's lung, the required assumption does not conclude the analysis. As noted, Plaintiff suffered a collapsed lung 15 months prior to the Incident, which required the installation of chest hardware, hardware that presented complications before, during, and after the Incident. Assuming the seat belt exerted sufficient force to collapse Plaintiff's lung does nothing to address those additional variables. Doing so is particularly crucial here, as Plaintiff's passenger, O'Connell, experienced similar seat belt tightening but reported no injuries, let alone a collapsed lung. In short, the record paints a far more complicated picture than a plaintiff in good health who was clearly injured externally by the tightening of his seat belt. The evidence instead suggests Plaintiff's injuries may have been caused by the force exerted by the seat belt, complications arising from his chest hardware, or a combination of the two. Alternatively, Plaintiff's injuries may be unrelated to the Incident, instead resulting from a coughing fit exacerbated by his prior collapsed lung and complications with his chest hardware. A juror would be unable to reasonably account for those factors without the aid of expert medical causation testimony.

The Court set forth the numerous factors that made causation a complex issue in this case. In his Motion, Plaintiff merely disagrees with the Court's ultimate conclusion  but disagreement with the Court's ruling is not a permissible basis for the Court to reverse its earlier decision. *See Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (recognizing no basis for

reconsideration where motion did nothing but ask the court to reexamine unfavorable ruling, absent a manifest error of law or fact).

Plaintiff's argument as to Defendants' lack of evidence of alternate causes does not need reconsideration as Plaintiff has the initial burden to prove causation. *See Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069 (11th Cir. 2014) ("In ordinary cases under Florida law, a plaintiff bears the burden of proof on all four elements of negligence—duty of care, breach of that duty, causation, and damages."); *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1295 (11th Cir. 2005) (noting that Plaintiff bears the burden to prove proximate causation for a strict products liability claim as well as for a negligence claim in a products liability case). If the plaintiff fails to carry his burden to establish a *prima facie* case, the defendant has no need to offer alternative causes of the injury in order to prevail on summary judgment. *See Rink*, 400 F.3d at 1294 ("Summary judgment must be granted if the nonmoving party has 'failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.'" (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Plaintiff has failed to provide a basis for reconsideration of the Court's ruling on his design defect claims.

### B. Reconsideration of Whether Plaintiff's Failure to Read Vehicle's Owner's Manual is Fatal to His Failure to Warn Claims

Plaintiff contends that the Court incorrectly granted summary judgment on his warning defect claims in Counts I-III. Although Plaintiff notes the Court's finding that "the Vehicle's owner's manual contain[ed] warnings regarding the pre sense® rear technology,'" Plaintiff maintains that the warning "does not warn of what actually occurred: a pretensioning of the seatbelts that both of the subject vehicle's occupants described as being sudden and forceful." ECF No. [129] at 6. Accordingly, since the warning in the manual was not "germane to the incident"

Defendants did not satisfy their duty to warn. ECF No. [129] at 6. Therefore, because there was no warning of the potential harm, as opposed to an inadequate warning, Plaintiff contends that his failure to read the manual is not fatal because even if he had read the manual, he would not have been apprised of the potential harm.

Defendants respond that Plaintiff's admission of failing to read the vehicle's owner's manual means Plaintiff cannot "establish, as a matter of fact and law, that any different warning in that portion of the manual would have changed the outcome." ECF No. [132] at 5. Moreover, Defendants contend Plaintiff's claim that there was no warning is not only inappropriately raised, but factually incorrect. Defendants highlight the portion of the vehicle's owner's manual "that was devoted to Pre Sense ® Rear technology." *Id.* Given the warning in the manual, Defendants maintain Plaintiff cannot attempt to distinguish his case based on the theory that Defendants provided not just an inadequate warning, but no warning at all. Finally, Defendants point out that Plaintiff offers no record evidence to indicate "that 'had Plaintiff received [ ] a warning, he would have toggled the pretensioning technology off or otherwise taken steps to avoid the March 28, 2021 incident.'" *Id.* at 6 (alterations in the original) (quoting ECF No. [129] at 7).

Plaintiff's contentions are nothing more than an attempt to relitigate issues and arguments already addressed by the Court. *See Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (noting party "cannot use a Rule 59(e) motion to relitigate old matters"). The Court specifically considered Plaintiff's contention that there was no warning at all, as opposed to just an inadequate warning. The Court explained that the owner's manual did provide warnings about when Audi's Pre Sense function may be initiated and also included the various safety measures that could be deployed if the system detected a potential collision, such as the "reversible tensioning of safety belts." ECF No. [127] at 25. Therefore, the Court concluded that

Case No. 22-cv-21585-BLOOM/Torres

the fact that the warnings in the manual did not warn that the pretensioning could be forceful or that the pretensioning could lead to potential adverse effects affects the adequacy of the warnings rather than showing there was no warning at all.

Not only did the Court address Plaintiff's argument in its prior order, but Plaintiff also offers no critical facts that the Court overlooked or any clear mistake in the Court's legal reasoning. Because mere disagreement with the Court's ruling is not a basis for reevaluation of the Court's ruling, the Court rejects Plaintiff's second ground for reconsideration as well.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Patt's Motion to Alter or Amend Judgment, **ECF No. [129]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 23, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record